[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter was tried to the court on the plaintiff's four count, third amended complaint.
The first count alleges that Paganetti Well Drilling Co., Inc. (corporation) ordered and received heating oil, diesel fuel and repair services. On or about March 10, 1993, the defendant corporation accepted the plaintiff's offer of judgment against the corporation in the amount of $32,167.81. Judgment in said amount should enter against the corporation in favor of the plaintiffs.
In count two, the plaintiff alleges that on various dates between December 1, 1987 to February 29, 1992, the defendant's ordered and received heating oil, diesel fuel and repair services, claiming the value of same to be $32,167.81. The plaintiff's allege that the defendant's George Paganetti and/or Patricia Paganetti are "alter egos" of the corporation, and accordingly are personally liable for the debt. Plaintiff alleges that the individual defendants so controlled the corporation and personally made decisions and operations on behalf of the corporation that, in effect, they operated as a CT Page 9579 sole proprietorship. In attempting to pierce the corporate veil in this count the plaintiff's allege that the corporation is a fictitious entity.
The third count alleges that the individual defendant's, husband and wife, ordered and received heating oil and service repairs to their primary residence located at 56 R. Cedar Drive, Durham, Connecticut, the value of same being $2,216.65. The plaintiff's claim that the individual defendant's promised to pay for same.
In the fourth count, the plaintiff's allege unjust enrichment against the individual defendant's in the amount of the value of goods and services alleged in count three, i.e. $2,216.65.
After a full trial and based upon a preponderance of the credible, relevant and legally admissible evidence, the court finds the facts, determines, concludes and rules as follows:
The defendant corporation has been in existence since 1956 and was started by the defendant, George Paganetti's, father.
The corporation was in existence throughout the period during which the plaintiff's supplied goods and services to the defendant's through the corporation.
Corporate filing fees and corporate records were consistently maintained since the formation of the corporation.
Annual corporate meetings took place on a yearly basis in the presence of the corporate attorney or accountant.
The corporation was not a one individual company but from time to time it had at least two but oft times more than two stockholders among them being the individual defendant's, George Paganettis' mother and father, and one Anton Zimmer. Mr. Zimmer's shares were purchased by George Paganetti.
George Paganetti, representing the corporation and Frank Cecarelli, representing Suburban Oil company, approximately thirty years ago, entered into an agreement whereby oil and services were delivered to the corporation as well as the Paganetti primary residence and were to be billed to the corporation. Such deliveries were made and paid for by corporate check. CT Page 9580
The oil delivered to the Paganetti's residence represented repayment of a corporate debt.
The individual defendant's paid to Suburban Oil Company an amount of $790.00 which payment was accepted by Suburban.
The plaintiff's, at all times pertinent hereto, recognized the corporation as the entity they did business with and at no time throughout their course of dealings look to the individuals or rely upon them for payment.
The corporation was never a mere shell or instrumentality or agent of the individual defendant's.
The court expressly finds that the defendant's at all times pertinent hereto dealt with, billed and were paid by the defendant's corporation for all goods and services whether the plaintiff delivered same or performed same at the corporate business locale or at the residence of the individual defendant's, under an arrangement that was in existence for almost three decades.
The court finds that the defendant has failed to prove its allegations contained in counts two, three and four of its third amended complaint, therefore, judgment should enter for the individual defendant on said counts.
Accordingly, judgment is entered on count one of their third amended complaint for the plaintiff's Frank Marinuzzi, Edward Cecarelli and Franklin Cecarelli, d/b/a Suburban Oil company to recover of the defendant, Paganetti Well Drilling Co., Inc., the sum of $32,167.81, with interest but without costs.
Further, judgment is entered for the defendant's George Paganetti and Patricia Paganetti on counts two, three and four of the plaintiff's third amended complaint, also without costs.
SPALLONE STATE TRIAL REFEREE
Judgment entered in accordance with Foregoing Memorandum of Decision.
Michael Kokoszka, Chief Clerk CT Page 9581